**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
856-795-2181
*Attorneys for Plaintiffs*
By:   Steven J. Bushinsky, Esquire,
        W. Daniel Feehan, Esquire

| | |
|---|---|
| **TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 312 BENEFIT FUND (F/K/A THE UFCW LOCAL 312 HEALTH FUND) FOR AND ON BEHALF OF THEMSELVES AND SAID FUND, AND THE BOARD OF TRUSTEES,**<br><br>100 Wood Avenue South, Suite 209<br>Iselin, New Jersey 08830<br><br>*Plaintiffs,*<br><br>vs.<br><br>**MEG TACKLE IMPORTS, INC.**<br><br>8 Elkins Road, Suite B<br>East Brunswick, NJ 08816<br><br>*Defendant(s)* | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br><br>Civil Action No.:<br><br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1.      The jurisdiction of this court is invoked pursuant to Sections 502(e)(1) and (f) and 515 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively, and §301 of the Labor Management Relations Act (LMRA), 29 U.S.C. §185; and 28 U.S.C. §1331.

2.      This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA,

29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185 because the Plaintiff Trust Funds are administered in the State of New Jersey, the breach took place in New Jersey.

3.  A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4.  Plaintiff(s), Trustees of the United Food and Commercial Workers Union Local 312 Benefit Fund (f/k/a the UFCW Local 312 Health Fund) for and on behalf of themselves and said Fund, and the Board of Trustees, (hereinafter "Fund") are a labor-management trust fund organized and operated pursuant to a trust agreement and Collective Bargaining Agreement(s) ("CBA") in accordance with section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Benefit Fund is an employee benefit plan within the meaning of section 3 (3) of ERISA, 29 U.S.C. § 1002(3), and a multiemployer plan within the meaning of section 3 (37) of ERISA 29 U.S.C. § 1002(37.

5.  The Fund is authorized to commence this action and to sue in its own name pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6.  The Trustees of the Fund are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21)(A).

7.  UFCW Local 312 Benefit Fund maintains its principal place of business at 100 Wood Avenue South, Suite 209, Iselin, New Jersey 08830.

8. Plaintiffs bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132; and Section 301 of LMRA, 29 U.S.C. §185.

9. Defendant, Meg Tackle Imports, Inc. (hereinafter referred to as "Meg Tackle") or "Defendant" or "Employer" and "Party in Interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively.

10. Upon information and belief, Defendant Meg Tackle maintains their principal place of business at 8 Elkins Road Suite B, East Brunswick, New Jersey 08816.

## COUNT ONE

11. The Funds incorporate the allegations in paragraphs 1 through 10 of this Complaint as though set forth herein in their entirety.

12. The CBA in effect between Defendant Meg Tackle and the UFCW Union Local 312 requires that certain contributions be made to the Local 312 Funds on behalf of the employees of Defendant Meg Tackle.

13. Defendant Meg Tackle has failed to remit and/or has only remitted a portion of the required contributions to the Funds for the benefit of its employees including, but not limited to, the period of January 2015 through June 2018 for the UFCW Local 312 Benefit Fund.

14. Payment of the delinquencies enumerated herein has been demanded by the Plaintiffs on several occasions and Defendant Meg Tackle has failed to remit the required contributions.

15. The failure of Defendant Meg Tackle to pay the required contributions constitutes a prohibited transaction as described in Section 406(a)(1)(B) of ERISA, 29 U.S.C. §1106(a)(1)(B).

16. Defendant Meg Tackle's failure to pay the delinquencies enumerated is violative of Section 515 of ERISA, 29 U.S.C. §1145.

17. This action is brought by the fiduciaries of the Funds pursuant to Sections 502(g)(2) and 505 of ERISA, 29 U.S.C. §1132(g)(2) and §1145, pursuant to which the Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding 20 percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(A) Order Defendant Meg Tackle to pay contributions due and owing to Plaintiff Funds for all periods outstanding.

(B) Order Defendant Meg Tackle to pay interest on the delinquent contributions at the rate provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(C) Order Defendant Meg Tackle to pay liquidated damages as provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(D) Order Defendant Meg Tackle to specifically perform all obligations to the Plaintiff Funds under the Collective Bargaining Agreement and Memorandum of Agreement.

(E) Order Defendant Meg Tackle to pay Plaintiffs' counsel's reasonable

attorneys' fees incurred in the prosecution of this action as provided by Section 502(g) of ERISA, 29 U.S.C. §1132(g).

(F) Order such other and further relief as this Court may deem just and appropriate.

WHEREFORE, Plaintiffs demand judgment against Defendant Meg Tackle Imports, Inc., for all contributions owed to Plaintiffs together with lawful interest, liquidated damages, costs of suit, reasonable counsel fees and such other and further relief which the court deems equitable and just.

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
Attorneys for Plaintiffs

Steven J. Bushinsky, Esquire
W. Daniel Feehan, Esquire

Dated: 7/17/18