UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRUSTEES OF THE UNITED FOOD AND
COMMERCIAL WORKERS UNION LOCAL
312 BENEFIT FUND (F/K/A THE UFCW
LOCAL 312 HEALTH FUND) FOR AND ON
BEHALF OF THEMSELVES AND SAID
FUND, AND THE BOARD OF TRUSTEES,

Plaintiffs,

v.

MEG TACKLE IMPORTS, INC.,

Defendant.

Civil Action No. 18-11715 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon the Motion for Default Judgment of Trustees of the United Food and Commercial Workers Union Local 312 Benefit Fund (F/K/A the UFCW Local 312 Health Fund) for and on Behalf of Themselves and Said Fund, and the Board of Trustees (collectively "Plaintiffs"). (ECF No. 6.) Plaintiffs brought suit against Meg Tackle Imports, Inc. ("Meg Tackle" or "Defendant") under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor-Management Relations Act of 1947 ("LMRA"), seeking to collect delinquent employer contributions to employee benefit plans that Defendant was required to withhold from its employees' pay. (Compl. 1, ECF No. 1.)

Rule 55 of the Federal Rules of Civil Procedure allows a court "to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). "A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a

case." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991). Federal Rule of Civil Procedure 4(h)(1)(B) provides that a corporation must be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Plaintiffs' Complaint alleges that "[u]pon information and belief, Defendant Meg Tackle maintains their principal place of business at 8 Elkins Road Suite B, East Brunswick, New Jersey 08816" ("Elkins Road address"). (Compl. ¶ 10, ECF No. 1.) Plaintiffs also requested that the Clerk issue a summons for the Elkins Road address. (ECF No. 1-2.) In addition, the Civil Cover Sheet Plaintiffs filed with their Complaint lists "Middlesex" as Defendant's county of residence. (ECF No. 1-1.) In support of their Motion for Default Judgment, however, Plaintiffs state:

> Service of the Summons and Complaint was made on Defendant Meg Tackle Imports, Inc., c/o Mendel Jaroslawicz, on August 16, 2018, by personally serving Jane Doe, who stated that he/she is authorized to accept service of process on behalf of the corporation, at 1034 Rose Street, Far Rockaway, New York, 11691. A Copy of the Proof of Service executed by Guaranteed Subpoena Services, Inc. is attached hereto as Exhibit "C" to this certification.

(ECF No. 6-1.)

Plaintiffs' Motion, however, does not account for the discrepancy between the addresses. Moreover, Plaintiffs did not include a legal brief in support of their Motion. Instead, Plaintiffs stated that "[n]o brief is necessary as the issues herein are straightforward." (ECF No. 6.) Here, the Court finds that the issue of service on an unnamed, out-of-state Jane Doe on behalf of the corporation is not straightforward. Rather, the Court finds good cause to require Plaintiffs to

2

submit a legal brief in support of their Motion. As the issue of service is a threshold issue, the Court does not reach other potential issues with Plaintiffs' Motion.[1]

Based on the foregoing,

**IT IS** on this 9th day of October 2019, hereby **ORDERED** that:

1. Plaintiffs' Motion for Default Judgment (ECF No. 6) is denied without prejudice.

2. By **November 12, 2019**, Plaintiffs may file a renewed motion for default judgment. The motion should be accompanied by a Certification that accounts for the discrepancies between addresses. The motion should also be supported by a legal brief in conformance with L. Civ. R. 7.1(d).

3. Plaintiff must serve a copy of this Order upon Defendant by **October 21, 2019**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] For example, Plaintiffs assert that Meg Tackle "fail[ed] to remit contributions . . . for various periods between January 2015 and June 2018." (Feehan Aff. ¶ 7, ECF No. 6-1.) In support of their Motion, however, Plaintiffs submit a copy of an agreement "made on December 6th 2016 to be effective on January 1st 2017." (Feehan Aff., Ex. A, ECF No. 6-3.)