UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 312 BENEFIT FUND (F/K/A THE UFCW LOCAL 312 HEALTH FUND) FOR AND ON BEHALF OF THEMSELVES AND SAID FUND, AND THE BOARD OF TRUSTEES, <br><br> Plaintiff, <br><br> v. <br><br> MEG TACKLE IMPORTS, INC., <br><br> Defendant. | Civil Action No. 18-11715 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court upon Plaintiff the Board of Trustees of the United Food

and Commercial Workers ("UFCW") Union Local 312 Benefit Fund's ("Plaintiff") unopposed

Motion for Default Judgment against Defendant Meg Tackle Imports, Inc. ("Defendant"). (ECF

No. 19.) The Court has carefully considered Plaintiff's submission and decides the matter without

oral argument under Local Civil Rule 78.1.

I.       **BACKGROUND**

Plaintiff alleges that Defendant violated the Employee Retirement Income Security Act of

1974 ("ERISA"). (Compl. ¶¶ 16-17, ECF No. 1.) Plaintiff sued Defendant for failing to contribute

to the UFCW Union Local 312 Benefit Fund, an employee benefit plan and multiemployer plan

under ERISA. (*Id.* ¶¶ 4, 13-16.) Those contributions were mandated by a collective bargaining

agreement ("CBA") that Defendant and UFCW Union Local 312 entered into in December 2016.

(*Id.* ¶ 12; *see also* CBA, Ex. A to Pl.'s Mot., ECF No. 19-4.) According to Plaintiff, Defendant

"failed to remit" or "has only remitted a portion of the required contributions" from January 2015 through June 2018. (Compl. ¶ 13.) As a result, Plaintiff seeks those unpaid contributions plus interest, liquidated damages, and attorneys' fees. (*Id.* ¶ 17.)

Defendant has not responded to any filing in this action. After Defendant failed to respond to the Complaint, the clerk entered default against Defendant. (*See* ECF No. 5.) Plaintiff then filed a motion for default judgment, which Defendant did not oppose. (ECF No. 6.) The Court denied that motion without prejudice because Plaintiff improperly served Defendant. (ECF No. 7.) Plaintiff then attempted to properly serve Defendant by personally serving Defendant's owner, Mendel Jaroslawicz. (*See* Feehan Aff., ECF No. 19-1, ¶ 4.) Armed with that personal service, Plaintiff filed the instant Motion.

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 55[1] authorizes the Court to enter default judgment against "a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Entry of default judgment is left to the Court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). That said, because entry of default judgment resolves a plaintiff's claims on the merits, it is a disfavored remedy. *See Local 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Three analyses guide the Court's discretion.

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

First, where a defendant fails to respond to a complaint, the Court must ensure that the plaintiff properly served the defendant. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). Second, the Court must ensure that "the unchallenged facts" in the complaint give rise to a "legitimate cause of action." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (quoting *DIRECTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). In conducting that assessment, the Court assumes as true all allegations in the Complaint, except legal conclusions and allegations regarding damages. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). Third, the Court must determine whether default judgment is appropriate by weighing three factors: "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Local 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018) (citing *Emcaso Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

The Court's inquiry does not end there. "Default does not establish liability for the amount of damages claimed by the plaintiff." *Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc.*, No. 08-02782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.")). Thus, the Court must conduct "an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

## III.   DISCUSSION

### A.   Plaintiff's Service Was Proper.

The Court begins by analyzing whether Plaintiff properly served Defendant.[2] Rule 4 governs service and provides that a corporation must be served by "delivering a copy of the summons and the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Plaintiff's affidavit in support of its Motion (the "Feehan Affidavit") states that Defendant "was owned and operated by Mendel Jaroslawicz." (Feehan Aff. ¶ 4.) Furthermore, the Feehan Affidavit avers that on May 28, 2020, Plaintiff "personally serv[ed] Mendel Jaroslawicz, who stated that he is the Owner and authorized to accept service of process on behalf of the Defendant." (*Id.* ¶ 10.) The Court, accordingly, finds that Plaintiff has properly served Defendant.

### B.   Plaintiff Has Pled a Legitimate Cause of Action.

Having determined that service was proper, the Court next evaluates "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling & Fam. Servs., Inc.*, 543 F. Supp. 2d at 365. Plaintiff's Complaint alleges that Defendant "failed to remit" or "only remitted a portion of the required contributions" from January 2015 through June 2018. (Compl. ¶ 13.) According to the Complaint, Defendant's failure violated section 515 of ERISA because the CBA required Defendant to contribute. (*Id.* ¶ 16.) That section provides that all employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with

---

[2] The Court has jurisdiction to decide this case under section 301(c) of the Labor Management Relations Act, 29 U.S.C. § 185(c), and additionally because Plaintiff's Complaint raises federal questions about the interpretation of provisions of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145. (Compl. ¶ 1.)

law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also Kelly v. Gas Field Specialists, Inc.*, 736 F. App'x 335, 339 (3d Cir. 2018) ("Congress's purpose in enacting section 515 was to allow multiemployer welfare funds to rely upon the terms of collective bargaining agreements and plans as written, thus 'permitting trustees of plans to recover delinquent contributions efficaciously.'" (alterations omitted) (quoting *Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d 1098, 1103 (3d Cir. 1996))). Taking the allegations of the Complaint as true, Plaintiff has established a legitimate cause of action under section 515 of ERISA.

Plaintiff's Complaint also alleges that section 502(g) of ERISA mandates that Defendant pay interest, liquidated damages, reasonable attorneys' fees, and court costs. (Compl. ¶ 17); *see* 29 U.S.C. § 1132(g)(2) (providing that "the court *shall* award" a fund interest, reasonable attorney's fees, and certain liquidated damages in an action where the fund prevails (emphasis added)). Because the statute's command is clear—"the court shall award"—the Court finds that Plaintiff has established a legitimate cause of action for these damages.

### C.     Entry of Default Judgment Is Appropriate.

Next, the Court considers whether entry of a default judgment is appropriate by weighing "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Local 152 Health & Welfare Fund*, 2018 WL 372167, at *3. The Court finds that all three factors weigh in favor of entering default judgment. First, the Court has no litigable defenses to consider because Defendant has failed to appear or respond to the Complaint. *See Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) ("[B]ecause [defendant] has not answered or otherwise appeared in this action, the Court was unable to

ascertain whether she has any litigable defenses."). Second, Plaintiff will be prejudiced because Defendant has never responded to any filing in this action and because Plaintiff has "no other means to vindicate [its] claims." *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, No. 15-5343, 2017 WL 11491955, at *3 (D.N.J. Nov. 28, 2017) (alteration in original) (quoting *United States v. DiPiazza*, No. 16-518, 2016 WL 7015625, at *2 (D.N.J. Nov. 30, 2016)). Finally, "Defendant's complete inaction . . . reflects willful conduct." *Tryg Ins.*, 2017 WL 11491955, at *3 (quoting *DiPiazza*, 2016 WL 7015625, at *5).

### D.     The Amount of Damages Is Not Reasonably Certain.

Although the Court finds that entry of default judgment is proper, the Court is not certain what amount of damages is appropriate. Principally, the Court cannot ascertain with "reasonable certainty" the amount of unpaid contributions. *Trucking Emps. of N. Jersey Welfare Fund*, 2009 WL 3584358, at *3. For example, the Feehan Affidavit asserts that Defendant failed to pay $7,905.60 "for failure to remit contributions to Fund for various periods between January 2015 and June 2018." (Feehan Aff. ¶ 13.) But, as noted in the Court's prior order, the CBA attached to the Feehan Affidavit became effective on January 1, 2017—two years after the start of Defendant's delinquent contributions. (*See* CBA 1.) The Court thus finds it appropriate to defer judgment on the amount of damages until Plaintiff supplements the record with additional documents substantiating its claim for damages. *See Teamsters Health & Welfare Fund of Phila. & Vicinity v. H.P. Kanady, Inc.*, No. 12-1470, 2012 WL 3185952, at *6 (D.N.J. Aug. 2, 2012) (denying in part plaintiff's motion for default judgment and ordering plaintiff to submit additional documents on damages).[3]

---

[3] Because the interest, liquidated damages, and attorneys' fees all turn on the amount of unpaid contributions, the Court similarly defers resolution of those damages.

6

IV.   **ORDER**

For the reasons set forth above, and for other good cause shown,

**IT IS** on this 9th day of August 2021, hereby **ORDERED** that:

1.   Plaintiff's Motion (ECF No. 19) is **GRANTED** with respect to liability and entitlement to damages but **DENIED** with respect to the amount of damages.

2.   By **August 23, 2021**, Plaintiff shall submit additional documents and produce any other information substantiating its claim for damages.

3.   The Clerk shall administratively terminate this matter. Upon Plaintiff's supplemental filing, the Clerk shall reopen the matter.


s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**